REYNOLDS *against* DOUGHERTY.

IN ERROR.

ERROR to the Common Pleas of *Lycoming* county.

*Watts,* for the plaintiff in error.

*Hall,* contra.

Although the act of 8th April, 1785, directs, that " every warrant shall be directed by the surveyor general to the deputy surveyor of some district, in order that the same warrant may be duly executed," yet a survey made under a warrant not directed to the deputy surveyor of any particular district, accepted by the survey- or general, and not in conflict with any other survey, is good evidence of title. The act only deprives the party of his priority of survey, on such warrant.

TILGHMAN C. J. *David Reynolds,* (the plaintiff below in this ejectment,) gave in evidence, in support of his title, a lottery warrant for 326 acres of land, to *John Bowman,* dated 17th *May,* 1785, and a receipt from the receiver general for 97*l.* 19*s.* 6*d.* the consideration money. He then offered in evidence, a survey on this warrant, by *William Ellis,* deputy surveyor, 6th *January,* 1795. But this evidence was objected to by the counsel for the defendant, and rejected by the Court; because it did not appear, that the warrant was directed to the deputy surveyor of any particular district, as required by the act of 8th *April,* 1785. The counsel for the plaintiff excepted to the Court's opinion, and the cause has been brought before us by writ of error.

The Commonwealth has received the full price for this land, nor does it appear, that any prior survey was affected by the survey offered in evidence by the plaintiff. The merits of the case are strongly with the plaintiff, but the defendant stands upon the letter of the act of assembly, which enacts, (section 3d) that " every warrant shall be directed by " the surveyor general, to the deputy surveyor of some dis- " trict, in order that the same warrant may be duly exe- " cuted." When this act of assembly was passed, the land office was about to be opened for the sale of a very large body of land, lately purchased of the Indians. It was apprehended, that the number of applicants would be great, and throughout the act, there appears a studied anxiety to prevent partiality in the officers, and to put every applicant on an equal footing. For this purpose, the priority of survey was determined by lottery; but this priority was lost, unless the warrantee put his warrant into the hands of the

1817.

REYNOLDS
v.
DOUGHERTY.

deputy surveyor to whom it was directed, within 30 days from the day on which the drawing of the lottery was finished. Had the warrantee in this case, been desirous of preserving his priority according to the number of his warrant, as determined by the lottery, it would have been necessary, that the warrant should have been directed to the deputy surveyor of some district. By the omission of such direction, he lost his priority; nor does he contend for it now, for, in truth, his survey is in conflict with no other survey. Perhaps the surveyor general would have been justified in refusing to accept the survey, because the forms of law had not been strictly complied with. But he did accept it, on the supposition, that all questions of priority being out of the case, there was no necessity for adhering to the letter of the law. I think this construction may be supported, because it is not said in the act, that *the survey shall be void*, and I do not see any ill consequence that can arise from confirming a survey accepted in the land office, under such circumstances. The great object of the act was, to ascertain the order in which surveys should be executed, or in other words, to ascertain the priority of survey; here the warrantee asks no preference to any body, but only, that he may have the land which was surveyed for him after every other person was satisfied. I am of opinion, that in a case so circumstanced, the survey should have been admitted as evidence of title, and, therefore, the judgment should be reversed, and a *venire facias de novo* awarded.

*N. B.* Judge YEATES (deceased) concurred in this opinion.

GIBSON J. concurred.

DUNCAN J. gave no opinion, having been counsel in the cause.

Judgment reversed, and a *venire facias de novo* awarded.